## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL HOUSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-07-1209-F |
| | ) | |
| OKLAHOMA CITY-COUNTY | ) | |
| HEALTH DEPARTMENT, a political | ) | |
| sub-division, and ELTON RHOADES, | ) | |
| individually and in his official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendants' motion to dismiss, filed November 28, 2007, is before the court. (Doc. no. 10.)  Plaintiff has responded, defendants have replied, and the motion is ready for determination.

This action alleges several claims:  retaliation against the plaintiff because plaintiff corroborated a co-worker's complaint of gender discrimination and sexual harassment in violation of Oklahoma's public policy of discrimination, citing <u>Saint v. Data Exchange</u>, 145 P.3d 1037 (2006); retaliation in violation of Title VII of the Civil Rights Act of 1964; and violation of plaintiff's First Amendment rights as protected by 42 U.S.C. § 1983.  (Complaint, doc. no. 1, ¶ 4.)  Defendants move to dismiss only the Title VII claims, arguing that "Plaintiff did not carry out his burden of pleading sufficient facts to demonstrate that Plaintiff's claims are not time barred...."  (Doc. no. 10, p. 4.)  Thus, it appears that defendants bring a facial attack on the timeliness of the Title VII claims, arguing these claims were not brought within ninety days after plaintiff's receipt of the EEOC's right to sue letter as required by 42 U.S.C. § 2000e-5(f)(1).

In passing on a motion to dismiss, whether bringing a facial attack on the ground of lack of jurisdiction over the subject matter under Rule 12(b)(1), or whether challenging the complaint for failure to state a cause of action under Rule 12(b)(6), the non-movant enjoys similar safeguards; the allegations of the complaint should be construed favorably to the pleader and the court will not look beyond the face of the complaint to determine jurisdiction. *See*, *e.g.*, <u>Sea Vessel Inc. v. Reyes</u>, 23 F.3d 345, 347 (11th Cir. 1994) (non-moving party receives the same protection with respect to 12(b)(1) as it would defending against a motion brought under Rule 12(b)(6), quoting <u>Osborn v. United States</u>, 918 F.2d 724, 729 n.6 (8th Cir. 1990)); 2 <u>Moore's Federal Practice</u>, § 12.30[4] (Matthew Bender 3d ed.).  Accordingly, in deciding this motion, the court does not rely on matters outside the pleadings.

This action was filed in this court on October 29, 2007.  The complaint alleges that plaintiff and his attorneys did not receive the notice of right to sue letter until August 24, 2007 (doc. no. 1, ¶ 11), a date which, if ultimately shown to be accurate, brings the Title VII claims well within the statutory ninety-day period.  Although defendants note plaintiff's allegation that he did not receive the right to sue letter until August 24, defendants argue that the EEOC mailed the right to sue letter to plaintiff and his attorneys on March 1, 2007.  The result, defendants argue, is that the Title VII claims were filed much more than ninety-days after any presumed time for delivery of the right to sue letter.  Defendants also argue that a previous state court action brought by the plaintiff did not toll the ninety-day limitations period.

Defendants' arguments rely on matters outside the pleadings which the court does not now consider.  To the extent the complaint addresses the timeliness of the Title VII claims, the complaint alleges that plaintiff received the right to sue letter on August 24, 2007, a date which is within the ninety-day period.  The court concludes

-2-

that the complaint adequately alleges facts in support of jurisdiction, so that dismissal of the Title VII claims would be inappropriate at this stage.

If, by their motion, defendants intended to bring a factual attack (as opposed to a facial attack) on the timeliness of the Title VII claims, that intention was not clearly conveyed.  Regardless, a factual attack challenging the timeliness of the Title VII claims may be brought at a later stage.  The sole determination made in this order is that the complaint adequately alleges facts in support of the timeliness of the Title VII claims. Nothing stated in this order is intended to pre-judge the question of whether, based on all of the evidence, the Title VII claims are, in fact, timely.

For these reasons, after careful consideration of the pleadings, the parties' submissions, and the relevant authorities, defendants' motion to dismiss plaintiff's Title VII claims is **DENIED**.

Dated this 8th day of January, 2008.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-1209p004.wpd